UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARIA RENEE BALDERRAMA, | ) | Case No.  6:10-bk-07828-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| CARLA P. MUSSELMAN, as Chapter 7 | ) | |
| Trustee, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | Adv. Pro. No. 6:10-ap-00245-KSJ |
| AMERICAS, in trust for Residential | ) | |
| Accredit Loans, Inc. Mortgage Asset- | ) | |
| Backed Pass-Through Certificates, Series | ) | |
| 2007-QH5, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
PARTIALLY GRANTING AND PARTIALLY DENYING TRUSTEE'S AMENDED
AND RENEWED MOTION TO COMPEL PRODUCTION OF DEUTSCHE BANK

In this adversary proceeding the Chapter 7 trustee, Carla Musselman, seeks to quiet title

and to value at zero dollars defendant Deutsche Bank's alleged secured interest in debtor Maria

Balderrama's non-homestead real property.   As part of discovery, the trustee served

interrogatories and document production requests seeking information about the bank's purchase

of the promissory note and mortgage on the disputed property.[1]   Deutsche Bank resists producing

any discovery related to the purchase history of the note and the chain of title of the mortgage

arguing that, under Florida law, it has established its secured interest in the property merely by

---

[1] As discussed below, the trustee's discovery requests actually were served on Deutsche Bank's predecessor to this
adversary proceeding, Aurora Loan Services.  Deutsche Bank has stipulated for purposes of this motion to compel
that such requests were served on it, too.  The Court similarly assumes that Deutsche Bank is authorized to prosecute
the objections to the trustee's discovery requests previously articulated by Aurora Loan Services and, for purposes
of this motion, the interest of Deutsche Bank and Aurora Loan Services are identical.

alleging it holds the original promissory note endorsed specially in its favor.[2]   The trustee disputes Deutsche Bank's characterization of Florida law and notes that neither the Court nor the trustee has seen the original endorsed note.  She now requests the Court compel the bank to produce the requested information.[3]

Although Deutsche Bank is correct that under Florida law *if* it holds a validly endorsed original note it may be deemed equitably also to own the mortgage, the bank first must establish its actual possession of the original note.  As such, the trustee's discovery requests pertaining to Deutsche Bank's status as holder of the note, including the authenticity and authority of the signatures endorsing the note, are relevant.  All other requests, including any requests for information regarding the prior ownership history of the note or the mortgage, are irrelevant and overbroad under Florida law.  Accordingly, the Court will grant in part and deny in part the trustee's motion and direct Deutsche Bank to respond to interrogatory number 5 and document request numbers 7 and 30 on or before **June 3, 2011**.  The trustee's motion to compel otherwise is denied, and the objections raised by the bank are sustained as to all other interrogatories and production requests.

On September 28, 2010, the trustee initiated this adversary proceeding to value Aurora Loan Services' secured claim at $0.00 pursuant to § 506(a) of the Bankruptcy Code[4] and to quiet title in property owned by the debtor located in Rockledge, Florida.  Aurora is the servicing agent on the mortgage, and it previously has moved for relief from stay to foreclose on the mortgage,[5] which this Court denied without prejudice for lack of evidentiary support.[6]  On October 18, 2010, the trustee served her first set of interrogatories and first requests for production of documents on Aurora.  On November 17, 2010, Aurora filed its objections to the

---

[2] Defendant's Response to Trustee's Amended and Renewed Motion to Compel Defendant's Response to Trustee's First Interrogatories and Trustee's First Request for Production of Documents and Incorporated Memorandum of Law (Doc. No. 25).  A list of defendant's specific objections to particular interrogatories and production requests is attached to its Response as Exhibit B.

[3] Trustee's Amended and Renewed Motion to Compel Defendant's Response to Trustee's First Interrogatories and Trustee's First Request for Production of Documents (Doc. No. 23).

[4] All references to the Bankruptcy Code are to Title 11 of the United States Code.

[5] Doc. No. 22 in the Main Case.

[6] Doc. No. 36 in the Main Case.

trustee's discovery requests,[7] objecting to certain requests seeking information about the history of the ownership of the subject note and mortgage. Aurora's objections are based on its position that under Florida law the holder of a promissory note may equitably own and enforce a mortgage, even without a written assignment of the mortgage, and, accordingly, that the trustee's requests seeking information regarding chain of ownership are irrelevant and overbroad.

On December 16, 2010, at a pretrial conference before this Court, the parties discussed Aurora's objections to the trustee's discovery, and the trustee made an *ore tenus* motion to amend the complaint to name Deutsche Bank as the real defendant in interest as the alleged holder of the original promissory note, which the Court granted.[8] At the hearing, the trustee also agreed to file an amended motion to compel Deutsche Bank to respond to the discovery requests served on Aurora, and Deutsche Bank has agreed for purposes of resolving the amended motion to compel and its/Aurora's objections to the trustee's discovery that it will step into Aurora's position and stipulate for convenience that the discovery served on Aurora properly was served on it.[9]

Accordingly, on January 4, 2011, the trustee amended her complaint to change the name of the defendant from Aurora to Deutsche Bank Trust Company Americas, in trust for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH5.[10] On January 18, 2011, Deutsche Bank filed its answer to the amended complaint.[11] On January 28, 2011, the trustee filed her amended motion to compel defendant's response to trustee's first interrogatories and request for production of documents and an associated memorandum of law.[12] On February 25, 2011, Deutsche Bank filed its memorandum in response to the trustee's motion to compel.[13]

---

[7] Doc. Nos. 7, 8.
[8] Doc. No. 15.
[9] Fn. 4 of Defendant's Response (Doc. No. 25). Deutsche Bank has adopted Aurora's objections by incorporating them as Exhibit B to its Response.
[10] Doc. No. 17.
[11] Doc. No. 19.
[12] Doc. Nos. 23, 24.
[13] Doc. No. 25.

The trustee's amended complaint argues Deutsche Bank cannot provide sufficient evidence of its purchase of either the note or the mortgage to assert a secured claim to the disputed property.  The trustee now seeks to compel production of information from Deutsche Bank regarding its purchase of the underlying debt and mortgage, and especially whether the note and mortgage were properly assigned.

In response to the motion to compel, Deutsche Bank reiterates Aurora's previous position, arguing certain interrogatories and production requests regarding chain of title are irrelevant and overbroad because, under Florida law, it need only show it holds the original note evidencing its purchase of the debt underlying the mortgage for it to equitably own the mortgage, too.[14]  Essentially, the bank argues that, in Florida, a mortgage travels equitably with the underlying debt in the absence of a formal written assignment of the mortgage.  Because the bank allegedly holds the note specially endorsed in its favor, Deutsche Bank maintains it already has established its security interest in the property.

The Court largely agrees with Deutsche Bank's legal argument.  Under applicable Florida law,[15] a mortgage, even without a written assignment, may travel equitably to the holder of the underlying debt, i.e., to the entity holding the original, properly executed and endorsed promissory note.   Thus, if Deutsche Bank establishes it is the holder of a validly endorsed note, it, in turn, will establish its equitable ownership of the mortgage securing the note.  This general rule of Florida law (the "General Rule") was stated best in 1938 by the Florida Supreme Court in the seminal case *Johns v. Gillian*, as follows:

> …a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt.  If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.[16]

---

[14] Doc. No. 25 and Ex. B thereto set forth the bank's specific objections.

[15] Paragraph 16 of the copy of the mortgage attached as Exhibit A to Defendant's Response (Doc. No. 25) states the applicable law is the "law in which the property is located."  The property is located in Rockledge, Florida, and neither party disputes that Florida law applies.

[16] *Johns v. Gillian*, 184 So. 140, 143 (Fla. S. Ct. 1938) (citations omitted).

*Johns* goes on to say that "[t]he transfer of the note or obligation evidencing the debt…operates as an assignment of the mortgage securing the debt, and it is not necessary that the mortgage papers be transferred, nor, in order that the beneficial interest shall pass, that a written assignment be made."[17]  *Johns* concluded that "if there had been no written assignment, Gillian would be entitled to foreclose in equity upon proof of his purchase of the debt."[18]  Finding that Gillian had sufficiently proven his purchase of the debt through his in-court testimony, the court held that Gillian was the "equitable owner of the mortgage" entitled to foreclose, even though no formal assignment of the mortgage was executed.

The General Rule is alive and well in Florida.[19]  In *Riggs v. Aurora Loan Services, LLC*,[20] Florida's Fourth District Court of Appeals held Aurora was entitled to summary judgment in a foreclosure action when it produced the original mortgage, a promissory note endorsed in blank, and affidavits that stated Aurora was the proper holder of the note and mortgage.  Aurora did not submit a written assignment of the mortgage, and Aurora was not the original mortgagee. Nonetheless, the court found Aurora was the holder of the note entitled to enforce its terms under Fla. Stat. § 673.3011, and thus could foreclose on the mortgage, because it provided sufficient evidence of its purchase of the debt underlying the mortgage: possession of the original note endorsed in blank.[21]

Likewise, in another decision, the Fourth District Court of Appeals reversed and remanded a dismissal of a foreclosure action because the lower court failed to consider application of the General Rule.[22]  In that case, WM Specialty filed a foreclosure complaint on December 3, 2002, and later, in response to a motion to dismiss, filed an assignment of mortgage dated January 3, 2003.  The assignment, however, reflected that the mortgage was transferred to WM Specialty *prior to* the complaint date on November 25, 2002.  The lower court found the complaint was void *ab initio* because WM Specialty did not hold the note and mortgage as of the

---

[17] *Id.* (quoting 41 C.J., Mortgages, Sec. 686, p. 677) (quotations omitted).
[18] *Id.* at 143-44 (citing *Pease v. Warren*, 29 Mich. 9, 18 Am.Rep 58).
[19] *Riggs v. Aurora Loan Services, LLC*, 36 So.3d 932 (Fla. 4th DCA 2010) (per curiam); *WM Specialty Mortgage, LLC, v. Salomon*, 874 So.2d 680, 682-3 (Fla. 4th DCA 2004).
[20] 36 So.3d at 933-34.
[21] *Id.*
[22] *WM Specialty Mortgage*, 874 So.2d at 682-3.

date of filing the complaint. In reversing the lower court, the appellate court instructed the lower court to consider on remand whether WM Specialty acquired an equitable interest in the mortgage before execution of the written assignment by virtue of the prior transfer of the note and mortgage to WM Specialty. The court quoted *Johns* favorably at length for the proposition that "the mortgage in equity passes as an incident to the debt," and indicated the lower court had failed to consider this General Rule.

In reaching its conclusion, *WM Specialty Mortgage* distinguished the facts before it from *Jeff-Ray Corp. v. Jacobson*,[23] another Fourth District Court of Appeals case the Chapter 7 trustee relies on in attempting to establish an exception to the General Rule. *Jeff-Ray* held that a trial court erred in not dismissing a foreclosure complaint for failure to state a cause of action because it relied upon an assignment that was not in existence when the complaint was filed. There, the complaint was filed on January 4, 1988, supported by an alleged assignment of mortgage dated in 1986, which was not attached to the complaint. When the plaintiff later produced the assignment, it was dated April 18, 1988, four months after the complaint was filed. The plaintiff's actions therefore led the appellate court to conclude that plaintiff had lied to the court by stating it held an assignment of mortgage from 1986 when in fact it held no assignment at all. Moreover, the court in *Jeff-Ray* did not discuss the General Rule or consider whether equitable transfer of the mortgage occurred prior to filing the foreclosure complaint because the plaintiff had not alleged any facts that might have indicated such transfer occurred (e.g. purchase of the underlying debt or any indication the plaintiff held possession of the mortgage in 1986).

These recent Florida appellate court cases all support Deutsche Bank's position that proof of ownership of the debt underlying a mortgage is sufficient under Florida law to equitably convey the mortgage to the debt holder. Moreover, these cases suggest a note specifically endorsed to a foreclosure plaintiff is sufficient proof of purchase of the debt underlying a mortgage to equitably convey such mortgage. Indeed, *Riggs* indicates the holder of a note endorsed *in blank* may hold an equitable interest in the mortgage securing the note.[24]

---

[23] 556 So.2d 885, 886 (Fla. 4th DCA 1990).
[24] 36 So.3d at 933-34.

The trustee disputes this legal analysis and, in response, argues that an exception to the General Rule applies.[25] She interprets *Johns*[26] to create an exception to the General Rule that if a foreclosure plaintiff lacks a written assignment of the mortgage he must prove his purchase of the debt *beyond* merely establishing he is the holder of the note underlying the mortgage. The trustee relies on this sentence: "Or if there had been no written assignment, Gillian would be entitled to foreclose in equity upon proof of his purchase of the debt." Noticeably absent from this sentence and the *Johns* decision, however, is *any* statement that a creditor's proof of its status as holder of a promissory note is *not* proof of purchase of the debt. The trial court in *Johns* required testimony of Gillian to establish he purchased the mortgage debt because there were factual issues raised concerning the timing of the purchase of the note.[27] But nothing in *Johns* or the more recent Florida appellate court cases can credibly be construed as establishing an exception to the General Rule that would require a note holder to prove its purchase of the debt *beyond* simply establishing that it is indeed the note holder. Proof of a creditor's status as holder of a note underlying a mortgage *is* proof of purchase of the debt, and the previous ownership history of the note and mortgage is irrelevant.

The trustee's argument also relies on a decision from the Massachusetts Supreme Court, applying Massachusetts law, to argue that *Florida* state courts require more than the original note to convey equitable title to a mortgage.[28] Because Massachusetts law treats the equitable assignment of mortgages very differently than Florida law, a Massachusetts court's interpretation of the law of their state is irrelevant to this proceeding. *Ibanez* sums up well how Massachusetts law deals with equitable transfer of mortgages as follows:

> In Massachusetts, where a note has been assigned but there is no written assignment of the mortgage underlying the note, the assignment of the note does

---

[25] Doc. No. 24.

[26] 184 So. at 143.

[27] Specifically, one of the main issues in *Johns* was whether a possibly dissolved corporation properly transferred its ownership of a mortgage. Because factual issues arose as to the timing of the corporation's assignment of the mortgage, the purported purchaser of the note and mortgage testified in court as to his purchase of the debt. *Johns* makes no mention of the lack of a written assignment of the mortgage as the reason for the purported note holder's testimony. The trustee's interpretation of *Johns* as establishing a requirement under Florida law that without a written assignment of mortgage a purported note holder must go beyond proof of its status as note holder to establish the purchase of the debt, including chain of title and the *entire* ownership history of the note, therefore is strained and unsupported by the facts of the case.

[28] *U.S. Bank N.A. v. Ibanez*, 941 N.E.2d 40, 53-4 (Mass. 2011).

not carry with it the assignment of the mortgage. [ ] Rather the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment.[29]

These procedures are quite different than Florida's procedures and its General Rule.  Unlike Massachusetts, Florida law *does* allow the assignment of a note to carry with it the implicit assignment of the mortgage.  Indeed, *Ibanez* distinguishes Massachusetts law from such other states' laws that provide for equitable assignment of a mortgage.[30]  Massachusetts law simply differs from Florida law and, as such, cannot create any type of exception to the still valid Florida General Rule.  A creditor who holds a validly endorsed promissory note is deemed to hold an equitable lien arising from the related mortgage, without any requirement to have a separate valid assignment of the mortgage.[31]

Deutsche Bank, however, still has not proven to either the trustee or the Court that it holds a validly endorsed promissory note evidencing its purchase of the debt on the disputed property.  Therefore, Deutsche Bank cannot rely on the General Rule to avoid responding to the trustee's discovery requests pertaining to the authenticity of the note.  The trustee has raised in her complaint doubts concerning the authenticity and effectiveness of the endorsements on the allonge to the note.  The copies of the note and mortgage attached as an exhibit to its response therefore are insufficient to establish Deutsche Bank's status as holder of the note.

Because the trustee has raised issues concerning the authenticity of and authority to endorse the note and allonge, the Court will overrule Deutsche Bank's objection and compel its response to interrogatory number 5, seeking the names and addresses of "each person whose signature appears on any endorsements on the Note or any allonge."  The Court similarly will overrule Deutsche Bank's objections and compel its response to requests for production numbers

---

[29] *Id.* (citations omitted).

[30] *Id.* (citing *Barnes v. Boardman*, 149 Mass. 106, 114, 21 N.E. 308 (1889) and quoting within the citation "In some jurisdictions it is held that the mere transfer of the debt, without any assignment or even mention of the mortgage, carries the mortgage with it, so as to enable the assignee to assert his title in an action at law…This doctrine has not prevailed in Massachusetts….).

[31] The trustee also argues the Florida U.C.C. has abolished the General Rule.  This proposition has *no* support in either the Florida U.C.C. or, as demonstrated by the recent Fourth D.C.A. decisions discussed above, in Florida case law.

7 and 30.  These requests seek documents and information related to Deutsche Bank's purchase of the note and the authority of the individual who signed the endorsement.  The inquiries are relevant to whether Deutsche Bank is the holder of a properly endorsed note.

The Court will sustain Deutsche Bank's objections to every other interrogatory[32] and document production request,[33] finding such requests are irrelevant and overbroad in light of the General Rule.  In particular, information on the chain of title of the mortgage, which parties have ever held an interest in the note or mortgage, and the electronic records related to this mortgage is irrelevant to the question of whether Deutsche Bank now holds the original validly endorsed note.

Accordingly, the Court will partially grant and partially deny the trustee's motion to compel and direct defendant Deutsche Bank to respond to certain of the trustee's first set of interrogatories and document production requests **on or before June 3, 2011**, as specified above. A further pretrial conference is set in this adversary proceeding for **2:00 p.m. on June 22, 2011**.

A separate order consistent with this memorandum opinion will be entered simultaneously.

DONE AND ORDERED on May 4, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Plaintiff Attorney:  Seldon J. Childers, ChildersLaw LLC, Sixth Street Executive Center, 1330 NW Sixth Street Suite C, Gainesville, FL 32601

Plaintiff:  Carla P. Musselman, 1619 Druid Road, Maitland, FL 32751

---

[32] In particular, the objections are sustained as to interrogatory numbers: 1, 2, 3, 8, 9, 10, 13, 16, 17.

[33] In particular, the objections are sustained as to requests for production numbers: 8, 9, 10, 11, 17, 18, 19, 20, 22, 23.

Defendant Attorney:  Daniel A. Miller, Broad and Cassel, 1 North Clematis Street, Suite 500, West Palm Beach, FL 33401