UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| MARIA RENEE BALDERRAMA ) | Case No.  6:10-bk-07828-KSJ |
|     Debtor. ) | Chapter 7 |
| ) | |
| CARLA P. MUSSELMAN, TRUSTEE ) | |
| ) | |
|     Plaintiff, ) | Adversary No. 6:10-ap-245-KSJ |
| vs. ) | |
| ) | |
| DEUTSCHE BANK TRSUTE COMPANY ) | |
| AMERICAS, in trust for Residential ) | |
| Accredit Loans, Inc. Mortgage Asset- ) | |
| Backed Pass-Through Certificates, Series ) | |
| 2007-QH5, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**MEMORANDUM OPINION PARTIALLY GRANTING AND
PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

      Plaintiff, Carla Musselman, Chapter 7 trustee, has filed a seven-count complaint against defendant Deutsche Bank seeking to value Deutsche's secured claim on debtor's real property at zero, strip Deutsche's secured lien, recover the collateral for the benefit of the unsecured creditors under various bankruptcy avoidance provisions, and quiet title in the trustee. Both parties have filed motions for summary judgment on the trustee's complaint.[1] Because the trustee has pointed to evidence calling into question Deutsche's true ownership of the note, the Court denies summary judgment on Counts I, V, VI, and VII of the trustee's complaint. The Court grants summary judgment in favor of Deutsche on Counts II, III, and IV because the transfer of a

---

[1] Deutsche's Motion For Summary Judgment and Incorporated Memorandum of Law (Doc. No. 40); Trustee's Response to Defendant's Motion for Summary Judgment and Trustee's Cross Motion for Summary Judgment (Doc. No. 56).

perfected note is not a transfer of an interest in a debtor that would allow the trustee to pursue avoidance causes of action.

The current dispute between Deutsche and the trustee centers on debtor's real property located in Rockledge, Florida (the "Property").[2] In 2007, the debtor bought the Property for $266,000 and financed the purchase with a 30-year $212,800 mortgage and note secured by the Property in favor of First National Bank of Arizona.[3] The mortgage was timely recorded on April 17, 2007.[4] First National Bank of Arizona then allegedly transferred the note to the First National Bank of Nevada, who then transferred it to Residential Funding Company, LLC ("RFC"). Both allonges provided by Deutsche purporting to document these transfers lack dates. According to Deutsche, on May 30, 2007, RFC transferred the Note to Deutsche as part of its obligations under a pooling and servicing agreement.[5] Deutsche now claims to own the note and seeks to enforce its rights under the mortgage. No other person or entity claims to own the note or mortgage.[6]

In February, 2009, Deutsche declared debtor in default under the note after debtor failed to make her regular monthly payment. Debtor was still in default at the time she filed her bankruptcy petition on May 6, 2010.[7] After the Court denied Deutsche's motion to lift stay,[8] the trustee filed her complaint asserting the following causes of action:

---

[2] Debtor does not claim this property as exempt on Schedule C of the petition.
[3] Doc. No. 22 Ex. 1 in Main Case 6:10-bk-07828-KSJ.
[4] Recorded in Book No. 5769, Page No. 6853, as Instrument No. 2007099454 in Brevard County, Florida (Doc. No. 22).
[5] Affidavit of Judy Faber (Doc. No. 40 Exhibit A).
[6] Aurora Loan Services, LLC, servicing agent for Deutsche, previously asserted its right to foreclose the mortgage. The trustee objected to Aurora's standing and moved to name Deutsche Bank as the real defendant in interest as the alleged holder of the promissory note, which the Court granted. (Doc. No. 15). On January 4, 2011, the trustee amended her complaint to change the name of the defendant from Aurora Loan Services, LLC to Deutsche Bank Trust Company Americas, in trust for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH5 (Doc. No. 17).
[7] Doc. No. 1 in Main Case 6:10-bk-07828-KSJ.
[8] Doc. No. 40 in Main Case 6:10-bk-07828-KSJ.

- **Count I:** Valuation of Deutsche's secured claim at zero and avoidance of its alleged lien pursuant to 11 U.S.C. § 506(d).

- **Counts II – IV:** Avoidance of Deutsche's alleged lien under 11 U.S.C. §§ 547, 548, and 549 on the basis that Deutsche's attempts to perfect its security interest in the note constitute a preference, fraudulent conveyance, and an impermissible post petition transfer.

- **Count V:** Avoidance of Deutsche's alleged lien pursuant to §502 because Deutsche does not have possession of the note and mortgage sufficient to enforce its rights under either.

- **Count VI:** Declaratory judgment that Deutsche's is not a "holder in due course" pursuant to Florida Statute § 673.3021 and thus does not have standing to enforce the note or mortgage.

- **Count VII:** Action to quiet title to the Property in the trustee because Deutsche allegedly has no lien.[9]

The practical application of the trustee's lawsuit to value Deutsche's claim at zero and strip off its lien would significantly increase the recovery to the unsecured creditors. Instead of leaving the secured lien in place after debtor's discharge, avoiding the entire lien encumbering the Property would allow the Trustee to liquidate the Property and to distribute the substantial proceeds to the unsecured creditors on a pro rata basis.

The Court previously addressed the validity of Deutsche's lien against the Property in its order regarding the trustee's motion to compel production.[10] The Court concluded Deutsche had not yet proven that it holds a validly endorsed promissory note for the debt on debtor's property.

---

[9] Florida Statute § 65.061 (2004) allows a court to enter judgment quieting title and awarding possession of property if two or more persons claim ownership to the same land and plaintiff first shows it is entitled to such equitable relief.

[10] Doc. No. 28 (addressing the trustee's Motion to Compel Production of Deutsche Bank (Doc. Nos. 23–24)).

The first version of the allonge Deutsche provided in its motion for relief from stay lacked any evidence of a transfer to Deutsche.[11] The Court ordered Deutsche to respond to the trustee's discovery requests seeking additional information related to Deutsche's ownership of the note.[12] In directing Deutsche to respond to the trustee's questions about its ownership of the underlying note, the Court referenced the "General Rule" in Florida that Deutsche can prove its standing to foreclose the mortgage by proving its status as proper holder of the note.[13] The Court said "a creditor who holds a validly endorsed promissory note is deemed to hold an equitable lien arising from the related mortgage, without any requirement to have a separate valid assignment of the mortgage."[14] To proceed against the Property, Deutsche must prove its ownership of the note was valid at the time it pursued its remedy under the mortgage.[15]

On August 1, 2011, in response to the Court's order to compel discovery, Deutsche filed its motion for summary judgment on all counts of the trustee's complaint and attached four exhibits allegedly evidencing its ownership of the note in question.[16] Deutsche attached an original version of the note, the pooling and servicing agreement, the second of two versions of

---

[11] Doc. No. 22–3 in Main Case 6:10-bk-07828-KSJ.
[12] On October 18, 2010, the trustee served her first requests for discovery on defendant seeking information about the history of the ownership of the note and mortgage. Defendant objected to the trustee's discovery requests based on defendant's position that, under Florida law, the holder of a promissory note may equitably own and enforce a mortgage, even without a written assignment of the mortgage. Accordingly, defendant asserted the trustee's requests seeking information regarding chain of ownership were irrelevant and overbroad. The trustee then filed a motion to compel this discovery. On January 18, 2011, defendant filed its answer to the amended complaint. On January 28, 2011, the trustee filed her amended motion to compel defendant's response to trustee's first interrogatories and request for production of documents and an associated memorandum of law. On February 25, 2011, defendant filed its memorandum in response to the trustee's motion to compel.
[13] Doc. No. 28, page 4–5.
[14] *Id,* page 8.
[15] See Memorandum Opinion Partially Granting and Partially Denying Trustee's Amended and Renewed Motion to Compel Production of Deutsche Bank (Doc. No. 28, page 4–6) (citing *WM Specialty Mortgage, LLC, v. Salomon*, 874 So.2d 680, 682–3 (Fla. 4th DCA 2004) and *Jeff-Ray Corp. v. Jacobson*, 56 So.2d 885, 886 (Fla. 4th DCA 1990) for the proposition under the General Rule that the enforcer of a mortgage must show it acquired the note before it asserts its equitable rights under the mortgage).
[16] Doc. No. 40. Exhibit A is an affidavit of Judy Faber, director and authorized officer of RFC, the initial transferee of the note and allonge. Exhibit A also contains the master pooling and servicing agreement identifying RFC as master servicer. Exhibit B is an affidavit by Neval Hall, assistant vice president of Aurora Bank, FSB as servicer for defendant.

an allonge allegedly transferring the note from RFC to Deutsche, and an affidavit from Judy Faber, Director and Authorized Officer of RFC, the endorser of the note to Deutsche.

In response, the trustee filed her own cross motion for summary judgment arguing the various documents Deutsche has provided to support its position, including three different versions of the note and two versions of the allonge, were ineffective to transfer any interest to Deutsche and evidence Deutsche's bad faith in purporting to own the note.[17] The trustee's argument primarily is based on the second allonge provided by Deutsche upon the Court's order compelling discovery. The second allonge includes an endorsement from RFC to Deutsche that did not exist in the first allonge, and, according to the trustee, Deutsche caused this endorsement to be made fraudulently to meet the needs of litigation.[18] The trustee urges the Court to find Deutsche has not adequately explained the discrepancies between the two allonges, has not met its burden to prove it is the legitimate owner of the note, and title to the Property should vest in the trustee.

Pursuant to Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The moving party has the burden of establishing the right to summary judgment.[19] However, under Rule 56(c), the nonmoving party may not respond by merely relying on allegations or denials in its own pleadings; rather, its response must set out specific facts, in affidavits or otherwise, showing a genuine issue for trial.[20] Conclusory allegations by either party, without specific supporting facts,

---

[17] Response to Defendant's Motion for Summary Judgment and Trustee's Cross Motion for Summary Judgment (Doc. No. 56).
[18] Doc. No. 56.
[19] *Howard v. BP Oil Co., Inc*., 32 F.3d 520, 524 (11th Cir. 1994).
[20] *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir. 1993).

have no probative value.[21] All facts alleged in the movant's complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.[22]

## A GENUINE ISSUE OF FACT EXISTS REGARDING DEUTSCHE'S STATUS AS HOLDER IN DUE COURSE.

This Court already has clarified the General Rule in Florida that even without a written assignment, a mortgage "may travel equitably to the holder of the underlying debt, i.e., to the entity holding the original, properly executed and endorsed promissory note."[23] In other words, a note specifically endorsed to a foreclosure plaintiff is sufficient proof of purchase of the debt underlying a mortgage to equitably convey such mortgage, even if the note is endorsed *in blank*.[24] Counts I, V, VI, and VII of the trustee's amended complaint all require Deutsche to prove it was the actual holder of debtor's promissory note at the time it sought to enforce the mortgage.

Florida Statute § 673.3021 defines "holder in due course" as a holder of an instrument if:

(a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call in to question its authenticity; and
(b) The holder took the instrument:
   1. For value,
   2. In good faith,
   3. Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;
   4. Without notice that the instrument contains an unauthorized signature or has been altered . . .[25]

---

[21] *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) (citations omitted).
[22] *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).
[23] Doc. No. 28 (citing the Florida Supreme Court in the 1938 seminal case *Johns v. Gillian* holding "[a] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties." *Johns v. Gillian*, 184 So. 140, 143 (Fla. S. Ct. 1938) (citations omitted)).
[24] Doc. No. 28 (citing *Riggs v. Aurora Loan Services, LLC*, 36 So.3d 932, 933-34 (Fla. App. 4 Dist. 2010) (per curiam)).
[25] Fla. Stat. § 673.3021 (1992).

The party claiming to be holder in due course has the burden of establishing each statutory requirement by a preponderance of the evidence.[26] A key factor is whether Deutsche received the note (and related mortgage) in good faith. The trustee argues the last-minute appearance of the second allonge with the alleged endorsement to Deutsche, long after Deutsche was required to prove its ownership of the note, and only after the Court found the first allonge insufficient to prove ownership, is evidence of fraud and Deutsche's bad faith. She also disputes Ms. Faber's authority to act on behalf of RFC to transfer the note to Deutsche. According to the trustee, "there is a question of fact as to how the 2007 Allonge came to be, and how the 2010 Allonge came to be, and how Aurora Loan Services obtained in 2010 a copy of the Allonge lacking Faber's endorsement, if the Allonge was endorsed, as Faber testified in her affidavit . . . in May 2007."[27]

In Florida, the statutory element of good faith has both subjective and objective components. The *Talcott* court made this clear in *Any Kind Checks Cashed, Inc. v. Talcott* that honesty in fact, aka a "pure heart," is no longer sufficient. Good faith now requires "honesty in fact *and* the observance of reasonable commercial standards of fair dealing."[28] A note holder's good faith is thus an issue of fact in which the fact finder must determine whether the holder's conduct comports with industry or commercial standards, and whether those standards are reasonably intended to result in fair dealing.[29] If so, the holder will be determined to have acted in good faith even if the results of the present case appear unreasonable.[30]

---

[26] *Hobley v. Metz*, App. 3 Dist., 630 So.2d 625 (1994); *Any Kind Checks Cashed, Inc. v. Talcott*, 830 So.2d 160, 164 (Fla. App. 4 Dist., 2002).
[27] Doc. No. 56, page 7.
[28] *Any Kind Checks Cashed, Inc.*, 830 So.2d at 164–64 (emphasis added) (citing *Maine Family Fed. Credit Union v. Sun Life Assurance Co. of Canada,* 727 A.2d 335, 342 (Me.1999) and Ch. 92-82, § 2, at 759, Laws of Fla. (codified at §§ 673.1031(1)(d)).
[29] *Any Kind Checks Cashed, Inc.,* 830 So.2d at 165.
[30] *Id.*

Deutsche has provided an explanation for the two different versions of the allonge and evidence of Ms. Faber's authority to transfer the note to Deutsche. As Ms. Faber explains, the first version of the allonge attached to Deutsche's motion for relief from stay—the one lacking RFC's endorsement—was the allonge provided to RFC when it acquired the note. The second version of the allonge attached to Deutsche's motion for summary judgment, the one that included the endorsement from RFC to Deutsche, was allegedly created in 2007, not in 2010, "pursuant to that certain Pooling and Servicing Agreement dated as of May 2, 2007."[31] Ms. Faber testified that RFC owned and held the original note as a result of acquiring it from First National Bank of Nevada, that she had the authority to execute the endorsement on behalf of RFC, and that RFC's transfer to Deutsche was made "no later than June 15, 2007."[32]

Neither version of the allonge, however, includes dates of the alleged transfers as stated by Ms. Faber. Even assuming she had the authority to endorse the note to Deutsche, Ms. Faber does not explain why RFC initially failed to produce the second allonge with the RFC endorsement in its motion to lift stay, even though it allegedly existed at that time. These "holes" present substantial questions of fact as to Deutsche's good faith and the second allonge's authenticity. The Court cannot avoid suspecting that the second allonge indeed was created solely to rebut the trustee's assertions in this litigation and did not previously exist. If so, the Court suggests Deutsche and Ms. Faber individually consider the possible consequences of propounding potentially false evidence and perjured testimony to the Court.

The trustee also claims the allonge is inauthentic because Ms. Faber did not execute the allonge herself but executed the second allonge with a facsimile form.[33] The existence of a facsimile signature does not alone defeat Deutsche's case. In the absence of a statute or rule

---

[31] Affidavit of Judy Faber (Doc. No. 40, Exhibit A, page 2).
[32] Affidavit of Judy Faber (Doc. No. 40, Exhibit A).
[33] *Id.*

prescribing a specific method of signature, a facsimile signature is valid as long as it is affixed upon the signer's authority or direction and there is no concrete indication of misuse or fraud.[34] Ms. Faber admits she did not execute the allonge herself, but argues she allowed the use of her signature to be made in facsimile with her knowledge, authorization and approval.[35] The existence of the two versions of the undated allonge, the second after the first was found unacceptable, simply raises additional factual issues whether the endorsement was effective or was instead forged for the purposes of litigation. This is an issue of fact not resolvable by summary judgment. As such, Deutsche cannot rely on the second allonge to prove it is a good faith holder in due course. Factual issues exist as to whether Deutsche obtained the note in good faith and whether the second allonge was properly executed. Summary judgment on Counts I, V, VI, and VII is denied as to both parties.

## NO TRANSFER OF AN INTEREST IN DEBTOR'S PROPERTY OCCURRED (COUNTS II, III and IV).

In Counts II, III, and IV of the complaint, the trustee seeks to exercise her strong arm powers to avoid Deutsche's alleged lien. Each of these counts requires the trustee to establish a "transfer of an interest of the debtor in property"[36] or a "transfer of property of the estate."[37] In each of these counts, the trustee claims Deutsche's attempt to perfect its secured status in the Property constitutes an avoidable transfer.[38] These arguments fail as a matter of law.

The Eleventh Circuit has considered, and dismissed, the theory that a transfer of a mortgage after it has already been properly recorded is still an interest of the debtor. The decision in *Atlantic Mortgage and Investment Corp.* makes it clear "the assignment of the mortgage, once the original grant by the mortgagor to the mortgagee has been perfected, does not

---

[34] *State v. Hickman*, 189 So.2d 254 (Fla. App. 2 Dist. 1966); *Haire v. Florida Dept. of Agriculture and Consumer Services*, 870 So.2d 774, 789 (Fla. 2004).
[35] Affidavit of Judy Faber (Doc. No. 40, Exhibit A).
[36] 11 U.S.C. § 547((b) and 11 U.S.C. § 548(a)(1).
[37] 11 U.S.C. § 549.
[38] Doc. No. 56.

involve a 'transfer of the property of the debtor' that would activate the Trustee's strong-arm powers under § 544."[39]

The debtor's mortgage was perfected on April 17, 2007, by recording it in the Official Records Books of Brevard County, Florida, *before* Deutsche's alleged acquisition of the note and mortgage in May 2007. Therefore, even if Deutsche is not found to be a proper holder of the note, by virtue of the prior recording, debtor does not have an interest in the transferred mortgage for the trustee to avoid. Counts II, III, and IV must fail as a matter of law. Deutsche is entitled to summary judgment on Counts II, III, and IV.

Further, even if Deutsche cannot prove it was the proper holder of the note at the time it sought to enforce it (through a notice of default in February 2009), debtor's liability under the note and mortgage arguably does not vanish into thin air. Interest in the perfected note and mortgage conceivably could remain with the previous note holder who could then transfer its interest at any time, even post petition pursuant to *Atlantic Mortgage*. Post petition transfers of interests which are not property of the estate are not prohibited. For example, Bankruptcy Rule of Procedure 3001(e) specifically authorizes post-petition transfers of claims in a bankruptcy proceeding.[40] Where, as here, the evidence presented establishes that real property is encumbered by a mortgage properly perfected prepetition, and where a debtor and trustee both have actual knowledge that the mortgage is unsatisfied, a subsequent assignment of a lender's interest does not affect the property of the estate.[41]

Neither the trustee nor the debtor dispute First National Bank of Arizona once held a valid perfected mortgage against the property that is not fully satisfied. Nor do they dispute First National Bank of Nevada and RFC were not proper transferees of the debt. Instead, the trustee

---

[39] *Kapila v. Atlantic Mortgage and Investment Corp.,* 184 F.3d 1335, 1337–38 (11th Cir. 1999).
[40] Fed. R. Bank. P 3001(e).
[41] *In re Canellas*, 2010 WL 571808, at (Bankr. M.D. Fla. 2010) (citing *Kapila,* 184 F.3d at 1339).

claims Duetsche was not a good faith transferee *at the time it tried to enforce the mortgage*. The Court reserves ruling and queries whether Deutsche can ever establish subsequent good faith or establish it is a "holder in due course" through yet another attempt to obtain a proper transfer of the underlying note. Resolving this issue is the core issue at the needed trial.

In conclusion, the Court finds material factual disputes preclude summary judgment as a matter of law as to Counts I, V, VI, and VII. However, as a matter of law, defendant Deutsche is entitled to summary judgment in its favor as to Counts II, III, and IV. A separate order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED on February 14, 2012.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies provided to:

Plaintiff's Counsel:  Sheldon J. Childers, 2135 N.W. 40th Terrace, Suite B, Gainesville, FL 32605

Defendant's Counsel:  Daniel A. Miller, Broad and Cassel, One North Clematis Street, Suite 500, W. Palm Beach, FL  33401

Counsel for Judy Faber:  Jason Ward Johnson, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., 215 N. Eola Drive, Orlando, FL  32801