UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARIA RENEE BALDERRAMA, | ) | Case No.  6:10-bk-07828-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| CARLA P. MUSSELMAN, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:10-ap-245-KSJ |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | |
| AMERICAS, in trust for Residential | ) | |
| Accredit Loans, Inc. Mortgage Asset- | ) | |
| Backed Pass-Through Certificates, Series | ) | |
| 2007-QH5, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION GRANTING CREDITOR'S MOTIONS FOR
RECONSIDERATION, SUMMARY JUDGMENT, AND RELIEF FROM STAY**

Defendant Deutsche Bank ("Deutsche") seeks reconsideration of the Court's previous order denying summary judgment as to Deutsche's standing to enforce a note because Deutsche did not prove it was the proper holder.[1] Deutsche has provided additional evidence to prove it holds a properly endorsed note, and the Court finds the evidence adequate proof of Deutsche's ownership of the note to grant Deutsche's motion for reconsideration, motion for summary judgment, and motion for relief from stay.

Deutsche, claiming to be a secured creditor, filed a motion for relief from the automatic stay to proceed against debtor's real property located in Rockledge, Florida.[2] In this motion, Deutsche provided a promissory note and the first of two allonges purporting to demonstrate the

---

[1] Doc. No. 68.
[2] Doc. No. 22 in Main Case 6:10-bk-07828-KSJ.  The debtor has surrendered her interest in the home.

transfer of the note from Residential Funding Corporation ("RFC"), predecessor in interest, to Deutsche.[3] The allonge was undated, did not mention Deutsche by name, and otherwise lacked any indication that the note was transferred to Deutsche. The Court accordingly denied Deutsche's motion.[4]

Based on Deutsche's inability to prove its standing to assert a claim under the note, Carla Musselman, the Chapter 7 trustee administering this case, filed a seven-count complaint against Deutsche seeking to value Deutsche's secured claim on debtor's real property at zero and to avoid Deutsche's secured lien. Deutsche initially resisted discovery relating to its ownership of the note, insisting that it was entitled to enforce the note because under Florida law, a party can enforce its interest in a note by simply proving it holds an original promissory note endorsed in its favor. Deutsche then reconsidered its position and provided additional evidence to the Court, including a Pooling and Servicing Agreement, two affidavits, and a new version of the allonge purporting to transfer the note from RFC to Deutsche.[5] This second allonge had endorsements to Deutsche that did not appear in the first allonge. Neither version of the allonge included dates of the alleged transfer, nor did Deutsche explain why it initially failed to produce the second allonge with the proper endorsement, even though it allegedly existed at the time Deutsche first sought relief from stay. According to the trustee, Deutsche caused the endorsement on the second allonge to be made fraudulently to meet the needs of litigation.[6]

Both parties filed motions for summary judgment on the trustee's complaint.[7] The Court denied summary judgment for both parties as to the counts relating to Deutsche's standing to

---

[3] Doc. Nos. 22 & 23 in Main Case 6:10-bk-07828-KSJ.
[4] Doc. No. 36 in Main Case 6:10-bk-07828-KSJ.
[5] Doc. No. 25.
[6] Doc. No. 56.
[7] Deutsche's Motion For Summary Judgment and Incorporated Memorandum of Law (Doc. No. 40); Trustee's Response to Defendant's Motion for Summary Judgment and Trustee's Cross Motion for Summary Judgment (Doc. No. 56).

enforce the note.[8] The Court was troubled by the two different versions of the allonge and concluded that Deutsche did not adequately explain why the two different versions, both lacking dates, were submitted to the Court on different dates.

In response to the Court's denial of summary judgment, Deutsche filed a motion for reconsideration.[9] Federal Rule of Civil Procedure 60(b) governs motions for reconsideration of final judgments. However, interlocutory orders, such as one denying summary judgment, are not governed by Rule 60(b), but "are left within the plenary power of the court that rendered them to afford such relief from them as justice requires."[10] At any time before a final decree is entered, a court has the discretion to modify or rescind an interlocutory order.[11]

Along with its motion for reconsideration, Deutsche presented additional evidence to demonstrate that the second allonge is valid and that Deutsche holds a properly executed note and assignment. In the event the Court deemed the supplemental evidence insufficient, Deutsche also argued that, even without an allonge, Deutsche may still enforce the note because it is a holder in possession of the note and it need not be a "holder in due course."

The Court first will address the sufficiency of the additional evidence Deutsche has provided clarifying the existence of the two different allonges. As Deutsche explains, for unknown reasons, the first version of the allonge was submitted by Deutsche's former counsel even though the properly executed allonge existed at the time. Deutsche's current counsel recognized the mistake and submitted the proper allonge in its response to the trustee's complaint

---

[8] The Court granted summary judgment to Deutsche on Counts II, III, and IV. Doc. No. 67.
[9] Doc. No. 71 Defendant's Motion for Reconsideration.
[10] *Johnson v. Bensalem Tp.* 609 F.Supp. 1340, 342 (D.C. Pa. 1985) (citing 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.20, at 60–170 (2d ed. 1983); *Campos v. Puerto Rico Sun Oil Co., supra; Bon Air Hotel, Inc. v. Time, Inc.,* 426 F.2d 858, 862 (5th Cir.1970); *John Simmons Co. v. Grier Bros.,* 258 U.S. 82, 90–91, 42 S.Ct. 196, 199–200, 66 L.Ed. 475 (1922) ("if an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity"); Moore & Rogers, *Federal Relief from Civil Judgments,* 55 Yale L.J. 623, 641–42 (1946)).
[11] *Lanier Const. Inc., at* 862 (11th Cir. 2007).

and motions to compel.[12] In support of this explanation, Deutsche provided a screen print of its record keeping system showing that on February 29, 2009, the allonge bearing all the necessary endorsements from RFC to Deutsche was scanned into the record system of Aurora Bank, mortgage loan servicer for Deutsche.[13] An affidavit sworn to by Shirley Flaig, records keeper at Aurora Bank, affirms that the screen shot is authentic and is a valid representation of Deutsche's digital record keeping system.[14] Based on this information, the Court now finds Deutsche held a properly executed note on August 16, 2010, when it first sought relief from stay.[15] As a proper note holder, Deutsche is entitled to enforce the note and mortgage on debtor's property.

As the trustee points out in her opposition to Deutsche's motion for reconsideration, the Court acknowledges that the evidence and explanation of the two allonges is not newly discovered or newly available evidence.[16] Deutsche had the opportunity, and the obligation, to provide this explanation and evidence as soon as the trustee raised her concerns about the two versions of the allonge. Nevertheless, the Court is not restricted by the same requirements that govern relief from final judgments under Rule 60(b).[17] After reviewing Deutsche's additional evidence, the Court concludes summary judgment is appropriate inasmuch as no evidentiary issues remain. A continued denial of summary judgment would require the parties to prepare for a costly, time-consuming, and unneeded trial at which the same information would be presented again, resulting in the same outcome. In this case, interests of justice and judicial efficiency

---

[12] Doc. No. 25.
[13] Doc. No. 71 Exhibit 1.
[14] *Id.*
[15] Doc. No. 22 in Main Case 6:10-bk-07828-KSJ.
[16] Doc. No. 73.
[17] Fed. R. Civ. P. 60(b) allows a court to relieve a party from a final judgment for a number of reasons, including if a party provides "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."

demand a change to the Court's prior ruling. Accordingly, Deutsche's Motion for Reconsideration[18] will be granted.

As to Deutsche's other argument, the Court feels it necessary to clarify the distinction between being a "holder" and a "holder in due course." Deutsche is correct that a party holding a note may, in limited circumstances, enforce a note not endorsed to it specifically. But in Deutsche's case, possession of the note alone was not enough.

Florida Statute § 673.3011 defines the "person entitled to enforce" a negotiable instrument[19] as:

> (1) The holder of the instrument;
> (2) A nonholder in possession of the instrument who has the rights of a holder; or
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 673.3091 or § 673.4181(4).

"Holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an *identified person* that is the person in possession."[20] In Florida, standing to enforce a note depends on the type of negotiable instrument the note becomes upon execution. If the note is endorsed in blank, it becomes a bearer instrument and can be enforced by the party in possession, regardless of how that party obtained the note.[21] When a note is payable to an identifiable party, however, the instrument becomes a "special instrument," and only the party or its assignee, specifically identified as the proper holder, i.e., the holder in due course, may enforce the note.[22] Because Deutsche claims it holds a special instrument specifically endorsed to Deutsche, it must prove it was a holder in due course. Possession of the original note is not alone enough to confer standing.

---

[18] Doc. No. 71

[19] A promissory note is a negotiable instrument governed by Chapter 673 of the Florida Statutes. *Taylor v. Deutsche Bank National Trust*, 44 So.3d 618, 622 (Fla. Dist. Ct. App. 5th 2010).

[20] Fla. Stat. § 671.201(21).

[21] "Bearer means a person . . . in possession of a negotiable instrument . . . that is payable to bearer or indorsed in blank." Fla. Stat. § 671.201(5).

[22] *Harvey v. Deutsche Bank National Trust*, 69 So.3d 300, 303-304 (Fla. Dist. Ct. App. 4th 2011) (citing *Riggs v. Aurora Loan Services, LLC*, 36 So.3d 932 (Fla. Dist. Ct. App. 4th 2010)).

Deutsche should be aware of this nuance because it was a party to at least two Florida cases that highlighted the distinction. In *Harvey v. Deutsche Bank National Trust*, the Fourth District Court of Appeals found that Deutsche had standing to enforce a note indorsed in blank because Deutsche had possession of the note, notwithstanding "questionable assignments" in the note's chain of title. In *Taylor v. Deutsche Bank,* the Fifth District Court of Appeals agreed that a party in possession of a bearer instrument may enforce it without being a holder in due course but required Deutsche to prove it was the holder in due course because the note was specifically endorsed to Deutsche.[23]

Similar to *Taylor,* the note in this case was endorsed directly to Deutsche.[24] Therefore, Deutsche's possession of the note alone does not confer standing to enforce it. Deutsche was obligated to prove "evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer."[25] The evidence provided in Deutsche's motion for reconsideration, albeit belated, provides sufficient evidence of an effective transfer from RFC to Deutsche prior to August 16, 2010, when Deutsche sought relief from stay. As such, Deutsche has proven that it is the proper holder of the note, and no genuine issue of fact remains outstanding as to Deutsche's standing to enforce it.

Given that debtor has no equity or remaining interest in the property and the property is not necessary for an effective reorganization, Deutsche is entitled to final summary judgment in its favor and to relief from the automatic stay as requested.[26] The trustee's cross motion for

---

[23] *In re Aum Shree of Tampa, LLC*, 449 B.R. 584, 593-94 (Bankr. M.D. Fla. 2011) (citing *Taylor v. Deutsche Bank Nat. Trust Co.*, 44 So.3d 618. 622 (Fla. Dist. Ct. App. 5th 2010)).

[24] At one point, Deutsche argues that the note is a bearer instrument because the original allonge was endorsed in blank. This argument fails, however, because Deutsche has provided a second allonge in an attempt to show that the note was endorsed to Deutsche. Duetsche cannot, on one hand, argue that a previous allonge was endorsed in blank, and then, on the other hand, provide a subsequent document arguing it was specially endorsed to Deutsche.

[25] *Taylor*, 44 So.3d at 623 (citing *Booker v. Sarasota, Inc.*, 707 So.2d 886, 889 (Fla. Dist. Ct. App. 1st 1998)).

[26] Doc. No. 22, Exhibit B in Main Case 6:10-bk-07828-KSJ (showing the value of debtor's property is $138,550, compared to Deutsche's secured claim of $224,610.06).

summary judgment[27] is denied.  Separate orders consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED on May 16, 2012.

_____
KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies provided to:

Plaintiff's Counsel:  Sheldon J. Childers, 2135 N.W. 40th Terrace, Suite B, Gainesville, FL 32605

Defendant's Counsel:  Daniel A. Miller, Broad and Cassel, One North Clematis Street, Suite 500, W. Palm Beach, FL  33401

Counsel for Judy Faber:  Jason Ward Johnson, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., 215 N. Eola Drive, Orlando, FL  32801

---

[27] Doc. No. 56.